CC: TO JUDGE __SA__

———— FILED ———— ENTERED
———— LODGED ———— RECEIVED

SA    JUN 2 5 2004

AT SEATTLE
CLCRK U.S. DISTRICT COURT
BY   WESTERN DISTRICT OF WASHINGTON
DEPUTY

# 469080

5/1/55

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| FREDRIC J. ELLIOTT, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DRUGSTORE.COM, INC., KAL RAMAN, ROBERT BARTON, and SRIDHAR IYER, <br><br> Defendants. | No.: **C04-1474M** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** <br><br> **DEMAND FOR JURY TRIAL** |

04-CV-01474-CMP

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

Milberg Weiss Bershad & Schulman LLP
2550 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, based upon the investigation undertaken by Plaintiff's counsel, which investigation included analysis of news articles and reports, public filings, press releases and other matters of public record.

## NATURE OF THE COMPLAINT

1.      This is a securities class action on behalf of all persons who purchased or otherwise acquired the common stock of drugstore.com, Inc. ("drugstore.com or the "Company") during the period of January 20, 2004 through June 10, 2004 inclusive, (the "Class Period") under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and the regulations promulgated thereunder by the SEC, including Rule 10b-5.

2.      As discussed in more detail below, Defendants issued, or caused to be issued, false and misleading statements during the Class Period to artificially inflate the value of drugstore.com stock.  Once the stock's value had reached its orchestrated limit, Defendants exercised their stock options and cashed-out by selling their shares to the deceived public. Defendant, and former CEO, Kal Raman, sold over $3.25 million worth of drugstore.com stock during the class period, representing over 90% of his holdings.  In total, insiders sold 845,585 shares for over $5 million in Company stock during the 5-1/2 month Class Period.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1331.  The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and the rules and regulations promulgated thereunder by the SEC, including Rule 10b-5 (17 C.F.R. §240.10b-5).

4.      Venue is proper in this district pursuant to Section 27 of the Exchange Act (28 U.S.C. §1391(b)).  Many of the acts and transactions giving rise to the violations of law complained of herein, including the preparation and dissemination to the investing public of false

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

1  and misleading information, occurred in this district.  In addition, drugstore.com maintains its

2  principal executive offices in this district.

3      5.    In connection with the acts, conduct and other wrongs complained of herein,

4  Defendants used the means and instrumentalities of interstate commerce, including the mails,

5  telephone and the facilities of national securities exchanges.

6  **THE PARTIES**

7  **A.**    **Plaintiff**

8      6.    Plaintiff Fredric J. Elliott purchased drugstore.com common stock during the

9  Class Period, as evidenced by his certification attached hereto.

10  **B.**    **Corporate Defendant**

11      7.    Defendant drugstore.com's principal offices are located at 13920 SE Eastgate

12  Way, Suite 300, Bellevue, Washington 98005.  The Company's website describes it as:

13  
14  
15  
16  
> A leading online drugstore and information site offering A Very
> Healthy Way to Shop™ for health, beauty, wellness, personal care,
> and pharmacy products. The drugstore.com online store provides a
> convenient, private, and informative shopping experience that
> encourages consumers to buy products essential to healthy
> everyday living.

17  **C.**    **Individual Defendants**

18      8.    The Individual Defendants, at all times relevant to this action, served in the

19  capacities listed below and received substantial compensation:

20  
21  
22  
23  
24  

| Name | Position |
| --- | --- |
| Kal Raman | President and Chief Executive Officer |
| Robert Barton | Vice President, Finance and Chief Financial Officer |
| Sridhar Iyer | Vice President, Technology and Chief Information Officer |

25  
26  

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

- 2 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

## CLASS ACTION ALLEGATIONS

9.     Plaintiff brings this action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class (the "Class") consisting of all persons who purchased the common stock of drugstore.com between January 20, 2004 and June 10, 2004, inclusive. Excluded from the Class are the Defendants herein, members of each Individual Defendant's immediate family, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

10.     Because drugstore.com has millions of shares of common stock outstanding, and because the Company's common stock was actively traded on the NASDAQ National Market under the symbol "DSCM" throughout the Class Period, members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown at this time and can only be determined by appropriate discovery, Plaintiff believes that Class members number at least in the thousands and that they are geographically dispersed.

11.     Plaintiff's claims are typical of the claims of the members of the Class, because Plaintiff and all of the Class members sustained damages arising out of Defendants' wrongful conduct complained of herein.

12.     Plaintiff will fairly and adequately protect the interests of the Class members and has retained counsel who are experienced and competent in class and securities litigation. Plaintiff has no interests that are contrary to or in conflict with the other members of the Class Plaintiff seeks to represent.

13.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation makes it impossible for the members of the Class individually

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

- 3 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

1  to redress the wrongs suffered.  There will be no difficulty in the management of this action as a
2  class action.

3      14.    Questions of law and fact common to the members of the Class predominate over
4  any questions that may affect only individual members in that Defendants have acted on grounds
5  generally applicable to the entire Class.  Among the questions of law and fact common to the
6  Class are:

7          (a)    whether the federal securities laws were violated by Defendants' acts as
8  alleged herein;

9          (b)    whether the Company's publicly disseminated releases and statements during
10  the Class Period omitted and/or misrepresented material facts and whether Defendants breached
11  any duty to convey material facts or to correct material facts previously disseminated;

12          (c)    whether Defendants participated in and pursued the fraudulent scheme or
13  course of business complained of;

14          (d)    whether Defendants acted willfully, with knowledge or recklessly, in omitting
15  and/or misrepresenting material facts;

16          (e)    whether the market prices of drugstore.com common stock during the Class
17  Period were artificially inflated due to the material nondisclosures and/or misrepresentations
18  complained of herein; and

19          (f)    whether the members of the Class have sustained damages and, if so, what is
20  the appropriate measure of damages.

21                          **SUBSTANTIVE ALLEGATIONS**

22      **A.    The Class Period Begins**

23      15.    The Class Period begins on January 20, 2004.  On that date, drugstore.com issued
24  a press release announcing "Record Fourth Quarter Financial Results."  The Company reported
25  record net sales of $70.6 million for the Quarter and a 59% year-over-year reduction in GAAP
26  net loss and announced that it achieved EBITDA profitability.

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS                                    - 4 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

16.     Commenting in the January 20, 2004 press release, Defendant Raman stated:

**The fourth quarter was an important milestone for drugstore.com, as we accomplished significant operational goals, including record sales, higher gross margins, and most importantly, EBITDA profitability.**[1]  We also made significant investments for the future, such as broadening our product mix by acquiring a leading online contact lens provider, launching new technology that makes it easier for customers to use their flexible spending accounts, and leading the effort to make the Internet safer for consumers shopping online for prescriptions. **With these and other growth initiatives, we believe we can continue to grow the company profitably** and build on our position as the leading provider of health, beauty, wellness, personal care, and pharmacy solutions on the Web.

17.     The January 20, 2004 release also contained the Company's very positive outlook for the First Quarter of Fiscal Year 2004 and Fiscal Year 2004:

drugstore.com, Inc. anticipates net sales for fiscal year 2004 to grow in excess of 45% over 2003, and be in the range of $360 million to $390 million.  Of net sales, the company expects pharmacy mail order sales to be approximately 16%, local pickup pharmacy sales to be approximately 24%, eye care sales to be approximately 20%, and OTC sales to be approximately 40%.  For fiscal year 2004, the company expects GAAP net loss in the range of $9.5 million to $13.5 million and EBITDA in the range of break-even to $4 million.

For the first quarter of fiscal year 2004, the company expects net sales to be approximately $80 million to $85 million, with mail order pharmacy sales at approximately 17% of net sales, local pickup pharmacy sales at approximately 28%, eye care at approximately 15%, and OTC sales at approximately 40%.  Gross margin in the first quarter of 2004 is expected to be in the range of 21% to 22%.  The company anticipates a GAAP net loss range of $4.5 million to $5.0 million and an EBITDA loss range of $1.2 million to $1.7 million for the first quarter, as the company anticipates increased marketing spending in the first quarter to drive additional growth into the newly acquired Vision Direct and the company's other base businesses.

---

[1]     Unless otherwise indicated, emphasis has been added.

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS                                    - 5 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

1      18.     Responding to the positive outlook, on January 21, 2004, the Company's stock

2   rose 13%, or $.94, from $6.97 to close at $7.91 on a trading volume of 1.8 million shares, five

3   times the Class Period average.

4      19.     On April 28, 2004 drugstore.com announced its First Quarter 2004 results.  The

5   company provided a list of 15 highlights for the quarter, each of which painted a very promising

6   picture:

7   •        Net sales grew by 48% to $84.4 million.  Sales in the OTC segment
             grew by 48% to $35.5 million, mail-order pharmacy sales grew by
8            24% to $14.5 million, local pick-up pharmacy sales were flat at
             $21.5 million, and sales in the vision segment (created in December
9            2003 as a result of the acquisition of International Vision Direct
             Corp.) were $12.9 million.
10

11  •        Average net sales per order increased by 10%, or $7, to $78.
             Average net sales per order grew by 20% to $60 for OTC, by 16% to
12           $129 for mail-order pharmacy, and by 10% to $101 for local pick-up
             pharmacy.  Average net sales per order for the vision segment were
             $77.
13

14  •        The trailing 12-month number of active customers grew by 21% to
             1.57 million.  The average annual spend per active customer was
15           $174, up from $160.  During the quarter, the company revised its
             trailing 12-month average spend for Vision Direct customers to
             approximately $110.
16

17  •        Sales from repeat customers grew by 45% for the quarter, with
             revenue from repeat customers representing 73% of total sales.  Net
18           sales from repeat customers grew by 46% in OTC, by 21% in mail-
             order pharmacy, and by 14% in local pick-up pharmacy.  In the
             vision segment, 56% of sales were generated from repeat customers.
19

20  •        During the quarter, the company added 306,000 new customers,
             bringing the total customer base to over 5.1 million unique
21           customers since inception.

22  •        First quarter gross margin was 21.5%, up from 18.4%, and was
             benefited by high growth in the OTC product sales and the addition
             of the vision segment.
23

24  •        As expected, marketing and sales expense per new customer for the
             first quarter was $20, up $3 from the fourth quarter of 2003,
25           reflecting the assumption and integration of Vision Direct marketing
             efforts.

26  •        Fulfillment and order processing expenses declined as a percent of
             sales to 11.0%, down from 12.5%.

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS                          - 6 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

- Net loss on a GAAP basis for the first quarter was $4.6 million, or $0.06 per share, and improved by 19%, or $1.1 million.

- EBITDA loss (as previously defined) was $961,000 for the first quarter of 2004.

- The company reduced its accrued liability associated with employee vacation by approximately $400,000 and realized a corresponding benefit to the first quarter's net loss and EBITDA loss, as a result of a new employee vacation policy implemented in the first quarter.

- The company capitalized labor of approximately $200,000 associated with technology integration of the Vision Direct Web store and back-end operations.

- Employee headcount at the end of the quarter was approximately 600 employees.

- Annualized inventory turns for the first quarter were approximately 17.

20.    Again commenting on the quarter's results, Defendant Raman stated:

The first quarter of 2004 was an exciting quarter for us, as we began to see a significant return from our growth initiatives. This was demonstrated by an **impressive 46% year-over-year growth in revenue from repeat customers in our over-the-counter business,** which shows that our customers are getting more from and are doing more of their shopping at the drugstore.com Web store.

21.    The April 28, 2004 release also provided guidance for the Second Quarter 2004, and Full Fiscal Year 2004:

For the second quarter of fiscal 2004, drugstore.com, inc. expects net sales to be in the range of $85 million to $89 million. Of total net sales, the company expects OTC sales to be in the range of $36 million to $38 million, mail-order pharmacy sales to be in the range of $15 million to $16 million, local pick-up pharmacy to be in the range of $21 million to $22 million, and vision to be approximately $13 million. The company plans to implement a new Free 3-Day Shipping service for OTC orders of $49 or more, which is expected to benefit West Coast customers in particular, and also plans to increase spending on marketing to promote its newly acquired vision business and the Free 3-Day Shipping service. As a result, the company anticipates GAAP net loss for the second quarter to be in the range of $4.0 million to $4.5

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

1                million, and EBITDA loss to be in the range of $600,000 to $1.1
million.

2

For the full fiscal year, drugstore.com, inc. confirmed its prior
3                guidance that net sales are expected to grow more than 45% over
2003, to a range of $360 million to $390 million. The company
4                adjusted its forecast of GAAP net loss for the full fiscal year
slightly, to a range of $9.8 million to $13.8 million. The company
5                maintained its prior EBITDA guidance for fiscal year 2004, with
EBITDA in the range of break-even to a profit of $4.0 million, and
6                believes that it will end the year with more than $40 million in
cash. A reconciliation of forecasted net loss range to forecasted
7                EBITDA range (net loss is the most directly comparable GAAP
8                measure) is included in the financial data accompanying this press
9                release.

10    **B.**    **The Truth Emerges**

11        22.    On June 10, 2004, CEO Raman shocked investors with his immediate resignation

12  "to pursue other opportunities." Simultaneously with the press release announcing Raman's

13  resignation, the Company, less than 45 days after issuance of positive guidance on April 28,

14  issued another release lowering its expected revenue for the Second Quarter and Fiscal Year

15  2004:

16                For the second quarter of 2004, drugstore.com, inc. currently
expects revenues to increase by approximately 50 percent year-
17                over-year, in line with previous guidance of $85 to $89 million,
with a GAAP net loss of approximately $4.5 million to $5.2
18                million. The company expects to report an EBITDA loss (a non-
19                GAAP financial measure defined as earnings before interest, taxes,
depreciation and amortization of intangible assets, non-cash
20                marketing expense and stock-based compensation) of $1.1 to $1.8
million for the second quarter. This would represent a significant
21                improvement over an EBITDA loss of $2.1 million reported for the
22                same period last year, **but is below previous guidance of an
EBITDA loss of $600,000 to $1.1 million.**

23

We expect our second quarter results to be impacted by a dip in
24                gross margins to approximately 20.3 percent.

25                                \*\*\*

26

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS            - 8 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

For fiscal year 2004, the company adjusted its previous forecast of GAAP net loss to a range of $15.8 million to $17.8 million and **adjusted its prior EBITDA guidance to an EBITDA loss in the range of $2.0 to $4.0 million.**

23.     Immediately following the Company's release, drugstore.com's stock plummeted from its closing price of $4.91 on June 10, 2004 to a closing price of $3.06 on June 14, 2004 on a volume of 3,830,600 shares, almost 25 times the volume of June 10, 2004.  Analysts from Morgan Stanley and Whitaker Securities LLP downgraded the Company on June 14, 2004.

24.     Whitaker Securities LLC Senior analyst Marc Bettinger, who was surprised by the announcement, stated:

> **The company's dramatic announcement that its 2004 sales would be lower, EBITDA would swing $5 million (from midpoint to midpoint) to negative territory and that its CEO was resigning does little to inspire confidence in the story. ...**

25.     Bettinger also found "Mr. Raman's stepping down and timing of such disquieting."  Whitaker downgraded drugstore.com stock to under perform from market perform.

26.     The façade of growing strength in the Company's operations, which artificially inflated the value of drugstore.com stock, occurred at just the perfect time for Defendant Raman and Barton to sell millions of dollars worth of drugstore.com stock.

## SCIENTER ALLEGATIONS

27.     As discussed above, Defendants deceived the investing public for their personal financial advantage, artificially inflating the price of drugstore.com stock so that they could engage in the following Class Period insider sales transactions:

| Defendant | Number of Shares | Average Price | Proceeds |
|---|---|---|---|
| Raman | 551,300 | $5.99 | $3,257,262 |
| Barton | 200,000 | $5.84 | $1,213,304 |
| Iyer | 77,142 | $5.95 | $463,178 |

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

28.     As highlighted in the chart above, Defendants sold drugstore.com stock in unusual amounts and of suspect timing because they knew that the market would respond negatively to drugstore.com's misleading projections. The average price of each share sold by Defendants is almost double its closing price the day after the truthful disclosure.

29.     As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated by or in the name of the Company were materially false and misleading; knew or recklessly disregarded that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violators of the federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding drugstore.com and its business practices, their control over and/or receipt of drugstore.com's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning drugstore.com, were active and culpable participants in the fraudulent scheme alleged herein. Defendants knew and/or recklessly disregarded the falsity and misleading nature of the information which they caused to be disseminated to the investing public. The ongoing fraudulent scheme described in this complaint could not have been perpetrated over a substantial period of time, as has occurred, without the knowledge and complicity of the personnel at the highest level of the Company, including the Individual Defendants.

30.     The Individual Defendants engaged in such a scheme to inflate the price of drugstore.com securities in order to: (i) protect and enhance their executive positions and the substantial compensation and prestige they obtained thereby; (ii) enhance the value of their personal holdings of drugstore.com securities; and (iii) reap enormous profits from the exercise of their stock options and the sale of drugstore.com securities.

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS                                                - 10 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

## STATUTORY SAFE HARBOR

31.     The federal statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pled in this Complaint.  Defendants are liable for the forward-looking statements pled because at the time each of those forward-looking statements was made, the author or speaker knew the forward-looking statement was false and the forward-looking statement was authorized and/or approved by an executive officer of drugstore.com who knew that those statements were false when made.

## APPLICABILITY OF PRESUMPTION OF RELIANCE:

## FRAUD ON THE MARKET DOCTRINE

32.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that, among other things:

(a)     Defendants made public misrepresentations or failed to disclose facts during the Class Period;

(b)     The omissions and misrepresentations were material;

(c)     drugstore.com securities traded in an efficient market;

(d)     The misrepresentations alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

(e)     Plaintiff and the other members of the Class purchased drugstore.com securities between the time Defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

33.     At all relevant times, the market for drugstore.com securities was an efficient market for the following reasons, among others:

(a)     drugstore.com securities were listed and actively traded during the Class Period on the NASDAQ National Market, an open, highly efficient and automated market.

(b)     As a regulated issuer, drugstore.com regularly made public filings, including its Forms 10-K, Forms 10-Q and related press releases, with the SEC.

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS                                   - 11 -

        (c)     drugstore.com was followed by analysts from major brokerages including: McAdams Wright Ragen, Whitaker Securities and Morgan Stanley.

        (d)     The reports of these analysts were redistributed to the brokerages' sales force, their customers, and the public at large; and

        (e)     drugstore.com regularly communicated with public investors via established market communication mechanisms, including the Company's website, regular disseminations of press releases on the major news wire services, and other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services.

34.     As a result, the market for drugstore.com securities digested current information regarding the Company from the publicly available sources described above and reflected such information in the prices of drugstore.com's securities. As would be expected where a security is traded in an efficient market, material news concerning drugstore.com's business had an immediate effect on the market price of drugstore.com's securities, as evidenced by the rapid decline in the market price in the immediate aftermath of drugstore.com's corrective disclosures as described herein. Under these circumstances, all purchasers of drugstore.com's securities during the Class Period suffered similar injury due to the fact that the price of drugstore.com securities was artificially inflated throughout the Class Period. At the times they purchased or otherwise acquired drugstore.com's securities, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not reasonably have discovered those facts. As a result, the presumption of reliance applies. Plaintiff will also rely, in part, upon the presumption of reliance established by a material omission.

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

## COUNT I

## FOR VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 PROMULGAGED THEREUNDER AGAINST ALL DEFENDANTS

35.     Plaintiff repeats the allegations set forth in paragraphs 1 to 34 as though fully set forth herein.  This claim is asserted against drugstore.com and the Individual Defendants.

36.     During the Class Period, Defendants, carried out a plan, scheme and course of conduct which was intended to, and did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of drugstore.com common stock; and (iii) cause Plaintiff and other members of the Class to purchase drugstore.com stock at artificially inflated prices during the Class Period.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants took the actions set forth herein.

37.     Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain artificially high market prices for drugstore.com common stock in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  Defendants are sued as primary participants in the wrongful and illegal conduct charged herein, and as controlling persons of drugstore.com, as alleged below.

38.     In addition to the duties of full disclosure imposed on Defendants as a result of their affirmative statements and reports, or participation in the making of affirmative statements and reports to the investing public, they had a duty to promptly disseminate truthful information that would be material to investors in compliance with the integrated disclosure provisions of the SEC as embodied in SEC Regulation S-X (17 C.F.R. § 210.01 et seq.) and S-K (17 C.F.R. § 229.10 et seq.) and other SEC regulations, including accurate and truthful information with

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

- 13 -

1   respect to the Company's operations, financial condition and performance so that the market
2   prices of the Company's publicly-traded securities would be based on truthful, complete and
3   accurate information.

4        39.    Defendants, individually and in concert, directly and indirectly, by the use of
5   means or instrumentalities of interstate commerce and/or of the mails, engaged and participated
6   in a continuous course of conduct to conceal adverse material information about the business,
7   business practices, performance, operations and future prospects of drugstore.com as specified
8   herein.  These Defendants employed devices, schemes and artifices to defraud, while in
9   possession of material, adverse, non-public information and engaged in acts, practices, and a
10   course of conduct as alleged herein in an effort to assure investors of drugstore.com's value and
11   performance and substantial growth, which included the making of, or the participation in the
12   making of, untrue statements of material facts and omitting to state material facts necessary in
13   order to make the statements made about drugstore.com and its business, operations and future
14   prospects in the light of the circumstances under which they were made, not misleading, as set
15   forth more particularly herein, and engaged in transactions, practices and a course of business
16   which operated as a fraud and deceit upon the purchasers of drugstore.com securities during the
17   Class Period.

18        40.    Individual Defendants' primary liability, and controlling person liability, arises
19   from the following facts: (i) Individual Defendants were all high-level executives and/or
20   directors at the Company during the Class Period; (ii) each of these Defendants, by virtue of his
21   responsibilities and activities as a senior executive officer and/or director of the Company, was
22   privy to and participated in the creation, development and reporting of the Company's internal
23   budgets, plans, projections and/or reports; (iii) the Individual Defendants enjoyed significant
24   personal contact and familiarity with each other and were advised of and had access to other
25   members of the Company's management team, internal reports, and other data and information
26   about the Company's financial condition and performance at all relevant times; and (iv) these

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS     - 14 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

1  Defendants were aware of the Company's dissemination of information to the investing public
2  which they knew or recklessly disregarded was materially false and misleading.

3       41.    Defendants had actual knowledge of the severe misrepresentations and omissions
4  of material facts set forth herein, or acted with reckless disregard for the truth in that they failed
5  to ascertain and to disclose such facts, even though such facts were readily available to them.
6  Such Defendants' material misrepresentations and/or omissions were done knowingly or
7  recklessly and for the purpose and effect of concealing drugstore.com's operating condition,
8  business practices and future business prospects from the investing public and supporting the
9  artificially inflated price of its stock.  As demonstrated by their overstatements and
10 misstatements of the Company's financial condition and performance throughout the Class
11 Period, the Individual Defendants, if they did not have actual knowledge of the
12 misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by
13 deliberately refraining from taking those steps necessary to discover whether those statements
14 were false or misleading.

15      42.    As a result of the dissemination of the materially false and misleading information
16 and failure to disclose material facts, as set forth above, the market price of drugstore.com's
17 common stock was artificially inflated during the Class Period.  Unaware of the fact that the
18 market price of drugstore.com's shares was artificially inflated, and relying (directly or
19 indirectly) on Defendants' false and misleading statements, or on the integrity of the market in
20 which the securities are traded, and/or on the absence of material, adverse information known to
21 or recklessly disregarded by Defendants (but not disclosed to the public) during the Class Period,
22 Plaintiff and the other members of the Class acquired drugstore.com common stock during the
23 Class Period at artificially high prices and were damaged thereby.

24      43.    At the time of said misrepresentations and omissions, Plaintiff and other members
25 of the Class were unaware of their falsity, and believed them to be true.  Had Plaintiff and the
26 other members of the Class and the marketplace known of the true performance, business

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS     - 15 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

1  practices, future prospects and true value of drugstore.com, which were not disclosed by

2  Defendants, Plaintiff and other members of the Class would not have acquired their

3  drugstore.com securities during the Class Period, or, if they had acquired such securities during

4  the Class Period, they would not have done so at the artificially inflated prices which they paid.

5       44.    By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange

6  Act and Rule 10b-5 promulgated thereunder.

7       45.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and

8  the other members of the Class suffered damages in connection with their acquisition of the

9  Company's securities during the Class Period.

10  **COUNT II**

11  **FOR VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT**
12  **AGAINST INDIVIDUAL DEFENDANTS**

13       46.    Plaintiff repeats the allegations set forth in paragraphs 1 to 45 above as if set forth

14  fully herein. This claim is asserted against the Individual Defendants.

15       47.    Individual Defendants were, and acted as, controlling persons of drugstore.com

16  within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their

17  high level positions with the Company, participation in and/or awareness of the Company's

18  operations and/or intimate knowledge of the Company's actual performance, these Defendants

19  had the requisite power to directly or indirectly control or influence the specific corporate policy

20  which resulted in the dissemination of the various statements which Plaintiff contends are false

21  and misleading. Individual Defendants were provided with or had unlimited access to the

22  Company's reports, press releases, public filings and other statements alleged by Plaintiff to be

23  false and misleading prior to and/or shortly after these statements were issued and had the ability

24  to prevent the issuance of the statements or cause the statements to be corrected.

25       48.    In addition, Individual Defendants had direct involvement in the day-to-day

26  operations of the Company and, therefore, is presumed to have had the power to control or

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS       - 16 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

1  influence the particular transactions giving rise to the securities violations as alleged herein, and
2  exercised the same.

3     49.    As set forth above, Individual Defendants violated Section 10(b) and Rule 10b-5
4  by their acts and omissions as alleged in this Complaint.  By virtue of their controlling positions,
5  Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and
6  proximate result of these Defendants' wrongful conduct, Plaintiff and other members of the
7  Class suffered damages in connection with their purchases of the Company's securities during
8  the Class Period.

9                                   **COUNT III**

10           **VIOLATION OF SECTION 20A OF THE EXCHANGE ACT**
11                        **(AGAINST KAL RAMAN)**

12     50.    Plaintiff repeats the allegations set forth in paragraphs 1 to 34 as though fully set
13  forth herein.  This claim is asserted against Defendant Kal Raman.

14     51.    Defendant Raman, by virtue of his position as President and CEO of the
15  Company, had access to, and was in possession of, material non-public information about
16  drugstore.com at the time of his sale of 551,300 shares of drugstore.com stock for proceeds of
17  $3,257,263 during the Class Period.

18     52.    By virtue of his participation in the scheme to defraud investors described herein
19  and his sales of stock while in possession of material non-public information about the
20  Company, Defendant Raman violated § 10(b) of the Exchange Act and applicable rules and
21  regulations thereunder.

22     53.    Defendant Raman's sale of 25,000 shares of drugstore.com stock on March 10,
23  2004 was made contemporaneously with Plaintiff's purchase of 1,000 shares of drugstore.com
24  stock on the same day.

25     54.    Plaintiff and all other members of the Class who purchased shares of
26  drugstore.com stock contemporaneously with sales of drugstore.com stock by Defendant Raman:

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS                                    - 17 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

1  (a) have suffered substantial damages in that, in reliance on the integrity of the market, they paid

2  artificially inflated prices for drugstore.com stock as a result of the violations of § 10(b) and Rule

3  10b-5 herein; and (b) would not have purchased drugstore.com securities at the prices they paid,

4  or at all, if they had been aware that the market prices had been artificially and falsely inflated by

5  these Defendants' misleading statements and concealment of material facts. At the time of the

6  purchases by Plaintiff and Class Members, the fair market value of the drugstore.com securities

7  was substantially less than the price paid for them.

8  ## PRAYER FOR RELIEF

9  WHEREFORE, Plaintiff, on his own behalf and on behalf of the Class, prays for judgment as

10  follows:

11  (a)  Declaring this action to be a class action pursuant to Rule 23(a) and (b)(3) of the

12  Federal Rules of Civil Procedure on behalf of the Class defined herein;

13  (b)  Awarding Plaintiff and the other members of the Class damages in an amount which

14  may be proven at trial, together with interest thereon;

15  (c)  Awarding Plaintiff and the members of the Class pre-judgment and post-judgment

16  interest, as well as their reasonable attorneys' and experts' witness fees and other costs;

17  (d)  Ordering an accounting of Defendants' insider trading proceeds;

18  (e)  Awarding preliminary and permanent injunctive relief in favor of plaintiffs and the

19  Class against Defendants, including an accounting and the imposition of a constructive trust

20  and/or an asset freeze on Defendants' insider trading proceeds; and

21  (f)  Such other relief as this Court deems appropriate.

22

23

24

25

26

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

- 18 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  June 25, 2004

Respectfully submitted,

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

By: _____

Lori G. Feldman (WSBA #29096)
Douglas C. McDermott (WSBA #31500)
1001 Fourth Avenue,  Suite 2550
Seattle, WA 98154
Tel: (206) 839-0730
Fax: (206) 839-0728

Maya Saxena
Joseph E. White, III
**MILBERG WEISS BERSHAD
& SCHULMAN LLP**
5355 Town Center Road
Suite 900
Boca Raton, FL 33486
Tel: (561) 361-5000
Fax: (561) 367-8400

Steven G. Shulman
Andrei Rado
**MILBERG WEISS BERSHAD
& SCHULMAN LLP**
One Pennsylvania Plaza.
New York, NY 10119-0165
Tel: (212) 594-5300
Fax: (212) 868-1229

**Counsel for Plaintiff**

DOCS\208046v1

COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

- 19 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206-839-0730 Fax: 206-839-0728

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, Fredric J. Elliott, declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1.      I have reviewed the drugstore.com complaint prepared by Milberg Weiss Bershad & Schulman LLP whom I designate as my counsel in this action for all purposes.

2.      I did not acquire drugstore.com stock at the direction of plaintiff's counsel or in order to participate in any private action under the federal securities laws.

3.      I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4.      I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the court pursuant to law.

5.      I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years.

6.      I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7.      I have made the following transactions in drugstore.com and will provide records of those transactions upon request:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| 1000 | Buy | 3/10/04 | 5.86 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Please use and attach additional pages if necessary.

**I declare under penalty of perjury that the foregoing is true and correct**

Executed this 25th day of June, 2004

Fredric J. Elliott
Print Name

Signature

DOCS\207875v1